This council is probably aware we are recording these arguments and the arguments are made available on our website for the benefit of those who might be listening later. As you approach the lectern, and this goes to all council who are present, as you approach the lectern, I would appreciate it if you would enter an appearance and simply state your name and the party you represent so that they can take the interview. On that, we'll proceed with the first case, docket number 2007-3143, Uriel v. OPM. Mr. Gates. Good afternoon. John Gates for the petitioner, Ms. Maria Gutierrez. The essential facts of this case are not disputed, just to briefly cover the bills. Ms. Uriel's husband, Ricardo, had served in the Navy for 12 years, resigned that position to take up a job with the Department of Defense. Four months and 25 days into that job, he died, leaving Ms. Uriel as his surviving widow. How do you distinguish Brown? Brown, I believe, addresses, well, first of all, the petitioner in Brown was seeking a lump sum payment. Lump sum. But we're dealing with the same language. Yes, it's the same statute, but my position is that there's three parts to that statute. There's sort of an introductory part, then there's A and B, A going to the lump sum, and B talking about the annuity. And I don't believe, and I know OPM's position is that you can't read B in a complete vacuum. You have to attach it to that OPM paragraph. But I think if you do that, the results can become very logical, as I pointed out in the last paragraph of my brief. But A and B are both subsections of the introductory clause that specifies 18 months of civilian service. And on what basis do you contend that that 18 months of civilian service only applies to A and not B? Because I think if the intent was to eliminate any confusion and have the first paragraph apply both to A and B, there would have been some sort of qualifying or explanatory language in B, such as, you know, something to the effect that if an employee or member completed at least 10 years of service, of which 18 months must be of civilian service. The reason I think there's a distinction is because I think everyone all along has confused these statutes. If I may, even OPM in the early going of this case had some trouble. In the initial agency decision, which is in the appendix of page 5, they say, OPM says, you are not eligible, talking to Ms. Budial, you are not eligible for an annuity because your spouse did not complete a minimum of 18 months of credible service. Well, that's not the case. There's confusion. It's not 18 months of credible service. He qualifies for credible service. Again, the preamble language of B1 only applies to subsection capital A, not to subsection capital B. That's my understanding. So if we reject that and we read the preamble as applying to the subsection capital B, we're trying to- I'm sorry. If we read the preamble language of B1 as applicable to capital from the subsection B, you lose, right? No. If you apply this to the introductory B1 to B, then I would- Yeah. Oh, okay. I thought you were talking about subject to B. No. Okay. Again, in the reconsideration decision, which is in pages 6 and 7 of the appendix, OPM says since Mr. Budial had less than 10 years of service, you are not eligible for the survival annuity. Again, confusion over that is how this is interpreted. And I think there are confusion brains in that. Who knows how long the confusion brain is because of the way the statute is written. And as I said before, the way you can look at this and extend it to its logical or illogical absurdity is the example I give. If Mr. Budial had served rather than 12 years in the Navy, had served 19 years, and then had gone to work for the Department of Defense and worked there for 17 months and then died, according to this, he would not be eligible for an annuity, despite the fact that he had over 20 years of credible service with the United States government. So it just doesn't make sense that you would apply subsection or subpart B to that B-1 prefatory language. It just doesn't make sense when you apply it in that way. And Brown, again, Brown goes to lump sum, and the language in Brown, I think this is what OPM decided in their brief, had talked about not using military service in calculating these 18 months, but it goes back to B-1. And in that Brown opinion, the judge in that case directs that, her language or his language, to B-1 and doesn't address that whole statute. In other words, doesn't talk about B. I don't think there's anything that really sets out and says that B and A, A and B are linked to B-1. But isn't that the normal way you would read a statute like this? Because B-1 ends with the phrase entitled to, and then you have subsection capital A, which ends with the word and, and subsection B. It seems to me that those are two alternatives that follow under B-1. You say it doesn't make sense to read it any other way, but to me, the only logical and reasonable way to read this is to read both capital A and capital B all under. Well, I understand, and if I were on the other side, I'd be making that argument. But you can also look at that, if you're looking at the grammatical construction of that, that first part starts with the letter, with the word if, and then subsection B starts with the letter if, with the word if. And so it's almost as though they're separating the two right there. If an employee, etc., etc., and then down there, if an employee, remember, can stay at least 10 years. I think you can very easily look at that. But there's two conditions, you know. I, I, I. B-1 is one condition, you know, if you have 18 months civilian service, and if you have 10 years of military service. Two if, two if phrases. That's what I said earlier. I think if they had truly, if the legislature truly wanted to apply B to B-1, there would have been some language in subsection B that made it clear that of the 10 years, you must have, 18 months of that 10 years must be civilian. That, that, that's my opinion. If there are no other questions. Okay. Thank you. Mr. Solomonson. I'm Matthew Solomonson for the respondent, OPM. May it please the court that the court should refer the MSPP's decision below denying petitioner's claim for a survivor annuity benefit. I'll just briefly address the two points argued by the petitioner. The first point petitioner argued regarding Brown. Petitioner contends that that case only dealt with a lump sum benefit, and the government argues, and it is the case, that that case dealt with both a lump sum and an annuity benefit, as can be seen from the MSPB decision below in that case. Where at the very beginning, the MSPB specifically notes that Appellant Brown sought both a lump sum payment of $15,000, and one half of her husband's annual rate of pay, and it goes on to tell you what the amount of annuity would be. On appeal, the Federal Circuit doesn't directly call out that there's a distinction between the lump sum and the annuity payment, but does say that while credible military service counts toward computation of survivor annuity, that does not mean that the military service establishes eligibility for benefits in the first place. Referring to benefits generically, and again, not dealing just with a lump sum payment as petitioner suggests. But both of the payments sought by Ms. Brown fell under subsection capital A, correct? No, Your Honor, I disagree. I think that it's not- 50% of the final annual rate and the lump sum. Correct. That's subsection A. Correct me if I'm wrong, but that's what I understood the case to be. Okay, I understood it as B1B, where B1B refers to an annuity equal to 50% of an annuity computed under section 8415. But I understand what Your Honor is saying. In either event, though, it seems clear to me that B1B cannot be divorced from that introductory language. The clearest mutation that that's the case is the fact that the verb is entitled to, is in the preamble language of B1, such that if you were just to read B1B alone, as the petitioner contends, there would be no instruction to the agency about what to do. There's simply no verb in B1B that would tell you even who is entitled to what. So, in fact, B1B can't even be read without that preamble language. I would also note briefly that the decision of this court, Brown, is consistent with this court's decision in Tirado. Also, in the same sort of structure, noting that civilian service is necessary to obtain the same sort of annuity under the older civil service retirement plan. And to that extent, petitioner's position here would actually be for civilian service sort of out of this section of B1. If the court has no further questions, we'll go to the last time on the screen. Thank you. Mr. Case, can you move up? Just one other point. In Brown, the language, the quote from that decision, the court said, that the decedent's years of military service performed between 1950 and 1952, while allowable under 5 U.S.C. section 8411 as credible federal service toward a future retirement annuity or a survivor annuity, cannot be considered as the necessary civilian service that is required by 5 U.S.C. section 8442B1, what I referred to earlier. It goes back to, it doesn't clearly say, I'm sorry, 8442B1, before a widow is entitled to lump sum death benefit. I think they make it very clear in Brown that decision and everything that's going on in there applies only to the lump sum death benefits under that section of B1, that would be A. Your argument isn't that the court has somehow excluded B, but rather they didn't address it, that that opinion focused on the case in front of them, which involved only B1A. I think they weren't going to deal with it at all. With that language, entitled to lump sum benefits at the very end, I think they're just ignoring B in their opinion. Thank you. Thank you very much. The case is submitted.